UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANTILIA,<br><br>            Plaintiff,<br><br>   v.<br><br>A. MANSDORFER, et al.,<br><br>            Defendants. | No. 1:20-cv-00298-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION AND DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE<br><br>(Doc. Nos. 1 & 10) |

      Anthony Antilia ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 29, 2020, the assigned magistrate judge entered findings and recommendations, recommending that "[t]his action be dismissed for failure to state a claim" and that "[t]he Clerk of Court be directed to close the case."  (Doc. No. 10 at 8.)

      Plaintiff was provided an opportunity to file objections to the findings and recommendations.  Plaintiff filed his objections on July 21, 2020.  (Doc. No. 13.)

      Plaintiff first objects that he declined to consent to have a magistrate judge hear this action.  (Doc. No. 13 at 1.)  Plaintiff's objection in this regard is not well–taken.  The fact that the magistrate judge issued findings and recommendations—rather than a final ruling—is a consequence of plaintiff <u>not</u> having consented to magistrate judge jurisdiction over this action.

The undersigned will ultimately rule *de novo* on any dispositive motions (i.e., motions that dispose of any claim or party) in this case unless and until all parties consent to the magistrate judge.

Plaintiff's other "objections" simply re-state various general legal standards. (*See* Doc. No. 13.) Nonetheless, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Plaintiff has alleged that he suffered a foot injury while he was working at his prison job assignment at the California Correctional Institution, in Tehachapi, California. (Doc. No. 1 at 6.) He has further alleged that prison medical providers did not initially diagnose or recognize the seriousness of his injury. (*Id*. at 6–9.) However, the court agrees with the magistrate judge that while the allegations of plaintiff's complaint might make out a claim for medical negligence, they do not state a claim for deliberate indifference. (*See* Doc. No. 10 at 6–7.) Put simply, the complaint fails to contain factual allegations suggesting that any defendant knew the extent of plaintiff's injuries yet failed to treat those injuries. The complaint in fact alleges that defendants took various steps to diagnose and treat plaintiff's injuries. (*See* Doc. No. 1 at 6–9.) Although plaintiff alleges that the diagnostic and treatment actions taken were insufficient and untimely, he fails to allege facts that suggest any defendant had knowledge of and disregarded a serious medical need or that the treatment provided was medically unacceptable under the circumstances.

For the reasons set forth in the findings and recommendations, the court also agrees that the complaint fails to state a cognizable claim against Defendant Thomas related to back pain medication or any supervisory claim against U. Baniga related to the provision of medical equipment. (*See* Doc. No. 10 at 7–8.)

Plaintiff has elected not to amend his complaint. (Doc. No. 9.)

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued on May 29, 2020, (Doc. No. 10), are ADOPTED IN FULL;

2. This action is dismissed for failure to state a claim; and

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: __August 19, 2020__          _____
                                     UNITED STATES DISTRICT JUDGE